■ In the Matter of the Intermediate Accounting of Joseph Trachtman, as Executor of Saul H. Bourne, Deceased, Respondent. Mary E. Keedick, Also Known as Beebe Bourne, Appellant; Mary M. Bourne, Also Known as Bonnie Bourne, Respondent.— Order, so far as appealed from, unanimously reversed on the law and on the facts, and the proceeding remanded to the Surrogate's Court for the purpose of conducting a full and complete hearing on the issues raised concerning the methods and advisability of disposing of the assets of the estate, with costs payable from the estate to all parties filing briefs. The learned Surrogate directed that there be a sale at public auction, to be conducted by the court, of the capital stock of three music publishing companies, all wholly owned by the estate. Appellant, a daughter of decedent and one of the three coexecutors, objected to this manner of disposing of the assets of the estate and she was joined by Trachtman, another of the three executors. The remaining executor, the widow, would have the auction proceed. Unquestionably, in reaching the decision for an auction sale, the Surrogate was influenced by an oral stipulation consenting to such a sale made by appellant's former counsel and by Trachtman's agreement to go along with that procedure. However, appellant repudiated her counsel's stipulation as unauthorized; and it appears that Trachtman's consent — which has also been withdrawn — was predicated upon the supposition that

the daughter was in accord, and a willingness to concur in the wishes of both mother and daughter. In the light of these circumstances, the conferences and hearing before the Surrogate were insufficient to explore all the relevant facts and considerations necessary to arrive at a conclusion as to the most feasible manner to proceed. Moreover, the unauthorized stipulation and Trachtman's withdrawn consent may account for the little weight given by the Surrogate to the corporate resolutions adopted by a majority vote of the executors-stockholders on October 16, 1958 to the effect that the directors proceed to dissolve the corporations and after winding up the affairs thereof to distribute the assets to the stockholders — in this case the only stockholder being the estate. We do not, of course, express any views as to the method of disposition of the assets of the estate to be pursued. However, there must be a remand of the entire matter to the Surrogate's Court for a full and complete hearing on the questions of fact and issues of law posed in the applications of the interested parties. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.